**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| RANDAL E. McCULLOUGH,<br><br>    Plaintiff,<br><br>vs.<br><br>AEGON USA, INC.; TRUSTEES OF THE AEGON USA INC. PENSION PLAN AND PROFIT SHARING PLAN; KIRK W. BUESE; TOM A. SCHLOSSBERG; ARTHUR C. SCHNEIDER; MARY TAIBER; JAMES R. TREFZ; MARILYN CARP; DAN KOLSRUD; JAMES HALFPAP; JILL ANDERSON; JEFF ROSEN; MARTHA McCONELL; STEVE ALBRITTON; MARK MULLIN; JAMES McARDLE; DIANE MEINERS; INVESTMENT COMMITTEE; DANIEL FOX; AEGON USA, INC. BOARD OF DIRECTORS; PATRICK S. BAIRD; JAMES A. BEARDSWORTH; TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY; TRANSAMERICA LIFE INSURANCE COMPANY; TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY; TRANSAMERICA INVESTMENT MANAGEMENT LLC; DIVERSIFIED INVESTMENT ADVISORS, INC.; and DOES 1-20;<br><br>    Defendants. | No. 06-CV-0068-LRR<br><br>**ORDER** |

                _____

***TABLE OF CONTENTS***

*I.*     ***INTRODUCTION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.    PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.   PARTIES' ARGUMENTS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*IV.    ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *A.    Rule 54(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
    *B.    Finality* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    *C.    No Just Reason for Delay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
        *1.    Local Rules violations* . . . . . . . . . . . . . . . . . . . . . . . . *10*
        *2.    Merits* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*V.     DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *15*

## *I. INTRODUCTION*

The matter before the court is Plaintiff Randal E. McCullough's Motion for Entry of Final Judgment Pursuant to Federal Rule of Civil Procedure 54(b) for Claims Involving AEGON USA Pension Plan ("Motion") (docket no. 96).

## *II. PROCEDURAL HISTORY*

On October 5, 2005, Plaintiff filed a Complaint in the United States District Court for the Central District of California. On March 17, 2006, Plaintiff filed a First Amended Complaint (docket no. 51). The two-count First Amended Complaint alleges that Defendants AEGON USA, Inc. ("AEGON USA"), AEGON USA, Inc. Board of Directors, Patrick S. Baird, James A. Beardsworth, Kirk W. Buese, Tom A. Schlossberg, Arthur C. Schneider, Mary Taiber, James R. Trefz, Transamerica Life Insurance Company, Transamerica Occidental Life Insurance Company, Transamerica Financial Life Insurance Company, Transamerica Investment Management LLC, Diversified Investment Advisors, Inc. and Does 1-20 (collectively "First Amended Complaint Defendants") violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* Specifically, Count I ("Prohibited Transactions Count") alleges:

> Defendants, by their actions and omissions in authorizing or
> causing the [AEGON USA Pension Plan ("Pension Plan") and

> the AEGON USA 401(k) Profit Sharing Plan ("Profit Sharing Plan") (collectively "Plans")] to invest in [investment funds of AEGON USA subsidiaries and affiliates, purchase products and services of AEGON USA subsidiaries and affiliates] and pay investment management [fees] and other fees in connection therewith, caused the Plans to engage in transactions that Defendants knew or should have known constituted sales or exchanges of property between the Plans and the parties in interest, the furnishing of services by parties in interest to the Plans, and transactions with fiduciaries[, in violation of ERISA §§ 406(a)(1)(A), (C) and (b), 29 U.S.C. § 1106(a)(1)(A), (C) and (b)].

First Amended Complaint (docket no. 51), at ¶ 95. Count II ("Breach of Duties Count") alleges:

> Defendants, by their actions and omissions in authorizing or causing the Plans to invest in investment funds [of AEGON USA subsidiaries and affiliates, purchase products and services of AEGON USA subsidiaries and affiliates] and pay investment management [fees] and other fees in connection therewith, [ . . . ] caused the Plans to pay investment management fees that were higher than the [fees of unaffiliated investment funds; . . . Defendants] breached their duties of prudence and loyalty to the Plans[, in violation of ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B)].

*Id.* at ¶ 100.

On January 10, 2006, the First Amended Complaint Defendants filed a motion to dismiss or alternatively change venue. On May 2, 2006, the United States District Court for the Central District of California granted Defendants' motion to change venue and transferred the case to this court.

On October 31, 2006, the First Amended Complaint Defendants filed a Motion for Partial Summary Judgment, in which they sought judgment as a matter of law on the parts of the Prohibited Transactions Count and the Breach of Duties Count that relate to the Pension Plan.

3

On October 16, 2007, with the court's permission, Plaintiff filed a Second Amended Complaint (docket no. 85). Plaintiff added defendants, but, otherwise, the Second Amended Complaint does not substantially alter the First Amended Complaint. *See* Second Amended Complaint (docket no. 85), at ¶¶ 94 & 99. In the Second Amended Complaint, Plaintiff makes claims against the First Amended Complaint Defendants, Trustees of the AEGON USA Inc. Pension Plan and Profit Sharing Plan, Marilyn Carp, Dan Kolsrud, James Halfpap, Jill Anderson, Jeff Rosen, Martha McConell, Steve Albritton, Mark Mullin, James McArdle, Diane Meiners, Investment Committee and Daniel Fox (collectively "Defendants").

On September 28, 2007, the court sustained Defendants' Motion for Partial Summary Judgment and indicated that a memorandum opinion would be filed at a later date. *See* Summary Judgment Order (docket no. 82). On October 30, 2007, the court filed a Memorandum Opinion and Order Regarding Defendants' Motion for Partial Summary Judgment ("Memorandum Opinion") (docket no. 90).[1] In the Memorandum Opinion, the court ruled, as a matter of law, that Plaintiff is barred from asserting the Prohibited Transactions Count and the Breach of Duties Count insofar as they relate to the Pension Plan. It found that Plaintiff lacked constitutional standing to sue under 29 U.S.C. § 1132(a)(2), and, it additionally found that prudential considerations counseled against granting Plaintiff standing to sue under the statute.

On December 19, 2007, Plaintiff filed the instant Motion. On January 2, 2008, Defendants filed a Resistance. On January 8, 2008, Plaintiff filed a Reply.

---

[1] In the Memorandum Opinion, the court noted that it was making its findings based on the First Amended Complaint, rather than the Second Amended Complaint, because the latter had not yet been filed at the time the parties filed their summary judgment pleadings. *See* Memorandum Opinion (docket no. 90), at 6, n.6. The court also noted that the Second Amended Complaint did not substantially alter the First Amended Complaint. *Id.*

4

Finding the matter fully submitted and ready for decision, the court turns to consider it.

## III. PARTIES' ARGUMENTS

In the Motion, Plaintiff seeks entry of final judgment, pursuant to Federal Rule of Civil Procedure 54(b), as to the claims Plaintiff originally asserted regarding the Pension Plan. Plaintiff argues that, because the court "terminated the Pension Plan's case in its entirety" in the Summary Judgment Order and Memorandum Opinion, he is entitled to final judgment. Motion (docket no. 96-2), at 2. Plaintiff argues that the court should grant the Motion, because the Pension Plan claims are fully disposed of and not inextricably intertwined with the remaining claims. Plaintiff relies on *Roth v. Sawyer-Cleator Lumber Co.*, 61 F.3d 599, 601-02 (8th Cir. 1995), and argues that ERISA cases are "particularly well-suited for application of Rule 54(b)." Motion (docket no. 96-2), at 3. Plaintiff finally argues that there is no "just reason" for the court to delay entering final judgment on the Pension Plan claims. *Id.* at 4-5.

Defendants respond that the "judgment sought by Plaintiff would lead to the risk of piecemeal trials and is contrary to judicial economy." Resistance (docket no. 97), at 1-2. Defendants further argue that, if Plaintiff appeals the Pension Plan portion of the case and moves forward in this court with the remaining Profit Sharing Plan portion of the case, there is the potential for "two separate trials involving similar facts, witnesses and allegations." Resistance (docket no. 97), at 2. Defendants argue that Plaintiff set forth the incorrect standard for Rule 54(b) certification and retort that the court must consider several factors before entering final judgment on the Pension Plan claims, including:

> the relationship between the adjudicated and unadjudicated claims, the possibility that the reviewing court might be obliged to consider the same issue a second time, and other factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and

expense. *See Hayden v. McDonald*, 719 F.2d 266, 269 (8th Cir. 1983).

Resistance (docket no. 97), at 3. Defendants argue that, a review of such factors shows Plaintiff is not entitled to entry of final judgment, because the "adjudicated and unadjudicated claims remain tightly bound together." *Id.* at 4. Additionally, Defendants argue that, Plaintiff "makes no showing of the hardship or injustice he might face if certification is denied." *Id.* at 4-5.

In his Reply, Plaintiff argues that "[p]ermitting [him] to appeal the Pension Plan claims now is likely to speed up the entire litigation." Reply (docket no. 98), at 3. Plaintiff points out that the Pension Plan claims were not dismissed on the merits, but, rather, on Article III standing. *Id.* He argues that, if the court's order is reversed, then the Pension Plan claims will be remanded to this court for decision on the merits. *Id.*

Plaintiff also takes issue with the Defendants' assertion that the Eighth Circuit Court of Appeals would need to refamiliarize itself with the facts of the case on subsequent appeals, because "[n]o significant factual record will exist and the question presented [on the appeal of the Summary Judgment Order and Memorandum Opinion] will be one of law." *Id.* Plaintiff argues that the Pension Plan claims and the Profit Sharing Plan claims are not as "tightly bound together" as Defendants claim, because the claims involve "two distinct pension plans, with different trusts, different assets, different investments, and different investment managers . . . ." *Id.* at 4. Plaintiff argues that the only similarity between the two types of claims is that the "same fiduciary committee run[s] each of the Plans." *Id.* Plaintiff adds that "virtually none of the discovery is duplicative or inextricably intertwined, although the fiduciaries are largely the same." *Id.*

Finally, and for the first time in his Reply, Plaintiff asserts that he will suffer hardship and injustice if the appeal is delayed. Plaintiff argues that "Defendants are engaged in an on-going course of conduct in breach of their fiduciary duties under ERISA[,] . . . [and] delaying the appeal of the Pension Plan claims presents a real danger

6

that the participants in the Pension Plan will suffer hardship or injustice because the wrongful acts will continue." *Id*. at 5. Plaintiff distinguishes this case from others on the basis that he seeks injunctive relief due to the ongoing nature of the violations.

## IV. ANALYSIS

### A. *Rule 54(b)*

Federal Rule of Civil Procedure 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis in original). "[C]ertifications 'under Rule 54(b) should neither be granted routinely nor as an accommodation to counsel.'" *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006) (quoting *Hardie v. Cotter & Co.*, 819 F.2d 181, 182 (8th Cir. 1987)). The court is mindful that "it is only the 'special case' that warrants an immediate appeal from a partial resolution of the lawsuit." *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 806-07 (8th Cir. 1993) (quoting *Hardie*, 819 F.2d at 182). Moreover, "[c]ertification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978)).

In determining whether to grant certification under Rule 54(b), the court "must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). The Supreme Court has explained the term "final judgment" as follows: "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

If the court finds "finality," it must then "make an express determination that there is no just reason for delay." *Id.* at 8. The court acts as a "dispatcher," that is, it is left "to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* (quoting *Mackey*, 351 U.S. at 435 & 437). The court must exercise this discretion "'in the interest of sound judicial administration.'" *Id.* (quoting *Mackey*, 351 U.S. at 437). If the court decides to grant certification to one of multiple claims, it must use express words and make the findings specifically required by Rule 54. *Bullock v. Baptist Mem'l Hosp.*, 817 F.2d 58, 59 (8th Cir. 1987).

## B. Finality

With regard to the first question in the *Curtiss-Wright* analysis, that is, finality, *see Curtiss-Wright*, 446 U.S. at 7, Rule 54(b) is not an exception to the final judgment rule that generally governs federal appeals, that is, the rule in 28 U.S.C. § 1291. In other words, if the court is to certify a claim for appeal, the claim must be "finally decided" within the meaning of 28 U.S.C. § 1291. *See* 28 U.S.C. § 1291 ("The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); *see also Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (explaining that, to have a final judgment under Rule 54(b), "at least one claim . . . must be finally decided within the meaning of 28 U.S.C. § 1291"). If the

court's decision "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'" entered on that claim, then the decision is "final." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *see also Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000) (explaining that a decision is not usually final unless it effectively ends litigation on the merits and leaves nothing for the district court to do but execute judgment). Here, the court's Summary Judgment Order and Memorandum Opinion ended the litigation of Plaintiff's Pension Plan claims against Defendants, and there is nothing left for the court to do on those claims but execute its judgment. Therefore, the court finds that the decision regarding Plaintiff's Pension Plan claims is final.

The court now turns to consider the second prong of the *Curtiss-Wright* analysis, that is, whether there is "any just reason for delay" of the appeal on the Pension Plan claims. *Curtiss-Wright*, 446 U.S. at 8.

### C. No Just Reason for Delay

To determine whether there is "no just reason for delay," the court must "consider both the equities of the situation and 'judicial administrative interests,' particularly the interest in preventing piecemeal appeals." *Interstate Power Co.*, 992 F.2d at 807 (quoting *Curtiss-Wright*, 446 U.S. at 8). The following factors are appropriate for district courts to consider in making Rule 54(b) determinations:

> "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors

> may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Hayden*, 719 F.2d at 269 (quotation omitted); *see Curtiss-Wright*, 446 U.S. at 8 (instructing the trial judge to consider factors such as "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals").

### *1.     Local Rules violations*

As an initial matter, the court notes that, in Plaintiff's Motion, he failed to discuss the Eighth Circuit Court of Appeals's standard for Rule 54(b) certifications. In the Eighth Circuit, district courts cannot grant certification unless they find that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Hayden*, 719 F.2d at 268. In his Motion, Plaintiff did not mention the hardship or injustice that would befall him if the court were to deny the Motion. Plaintiff first mentioned hardship and injustice in his seven-page Reply, and, he did so in summary fashion. *See* Reply (docket no. 98), at 4-5, Part B. The entirety of his hardship argument follows:

> Defendants also rely on *Hayden* to argue that the [c]ourt should deny Plaintiff's [Motion] because there is no danger of hardship or injustice if the appeal is delayed. This argument does not withstand scrutiny either.
>
> The plaintiffs in *Hayden* sought money damages for past wrongful acts of the defendants. *Hayden*, 719 F.2d at 267. Nothing in the opinion suggests that the conduct was ongoing. According to the Eighth Circuit, "it appears that plaintiffs purchased the interests involved over a number of years, made repeated purchases, enjoyed both occasional dividends and tax benefits, and filed this suit only after the oil interests lost their luster." *Id.* at 270. Consequently, the court could "discern no

> hardship or injustice in ordering these plaintiffs to await final disposition as to all claims." *Id.*
>
> This case is far different. Plaintiff alleges that Defendants are engaged in an on-going course of conduct in breach of their fiduciary duties under ERISA. Plaintiff asks the [c]ourt to enjoin the Defendants from further wrongful conduct and remove the Defendants from their positions of trust with regard to the Pension Plan. If Plaintiff's allegations are correct, delaying the appeal for Pension Plan claims presents a real danger that the participants in the Pension Plan will suffer hardship or injustice because the wrongful acts will continue.

Reply (docket no. 98), at 5-7.

Plaintiff violated Local Rule 7.g in at least two ways. That Local Rule provides:

> **Reply Briefs.** Ordinarily, reply briefs are unnecessary, and the court may elect to rule on a motion without waiting for a reply brief. However, the moving party may . . . file a reply brief, **not more than five pages in length, to assert newly-decided authority or to respond to new and unanticipated arguments** made in the resistance. . . .

LR 7.g (first emphasis in original, second emphasis added). First, Plaintiff's Reply is seven pages in length and he failed to seek leave of court to file a reply brief that was "not more than five pages in length." *Id.* Moreover, Plaintiff raised the hardship and injustice argument for the first time in his Reply. Defendants' argument that Plaintiff made "no showing of the hardship or injustice he might face if certification is denied," Resistance (docket no. 97), at 5, is certainly not a "new and unanticipated argument," LR 7.g, given the fact that the Eighth Circuit Court of Appeals requires courts to find hardship or injustice before granting certification under Rule 54(b). By raising such arguments for the first time in the Reply, Plaintiff denied Defendants an opportunity to respond to the allegations. *See Bearden v. Lemon*, 475 F.3d 926, 930 (8th Cir. 2007) (rejecting a claim that was not argued in the defendant's "brief in chief" and stating "'[i]t is well settled that

11

[the Eighth Circuit Court of Appeals] do[es] not consider arguments raised for the first time in a reply brief'" (quoting *Navarijo-Barrios v. Ashcroft*, 322 F.3d 561, 564 n.1 (8th Cir. 2003))); *see also Johnson v. Berry*, 171 F. Supp. 2d 985, 990 n.3 (E.D. Mo. 2001) (Stohr, J.) ("The [c]ourt does not consider an argument made for the first time in a reply, to which the opposing party has no opportunity to respond."). The court shall deny Plaintiff's Motion for his failure to follow the Local Rules and properly assert his reasons for certification in his initial Motion.

### 2. Merits

Even if the merits of the arguments that Plaintiff makes in his Motion and Reply were considered, the court would deny the Motion. Upon consideration of the factors listed in *Hayden*, the court finds that this case is not a "'special case' that warrants an immediate appeal" of the court's Summary Judgment Order and Memorandum Opinion. *Interstate Power Co.*, 992 F.2d at 806-07 (quoting *Hardie*, 819 F.2d at 182).

In considering the first factor set forth by the Eighth Circuit Court of Appeals, that is, the relationship between the adjudicated and unadjudicated claims, *Hayden*, 719 F.2d at 269, the court finds that the adjudicated and unadjudicated claims are both factually and legally similar. AEGON USA established both the Pension Plan and the Profit Sharing Plan as retirement income benefits for certain AEGON USA and Transamerica Corporation employees. Second Amended Complaint (docket no. 85), at ¶ 2. According to the allegations, both Plans invested millions of dollars in investment funds managed or offered by AEGON's subsidiaries and affiliates. *Id.* ¶ 6. The Plans paid AEGON's subsidiaries and affiliates millions of dollars for products and fees for services. *Id.* at ¶ 7. The two Plans have the same sponsor—AEGON USA; the same trustees, including Kirk W. Buese, Tom A. Schlossberg, Arthur C. Schneider, Mary Taiber, James Trefz, Marilyn Carp, Dan Kolsrud, James Halfpap, Jill Anderson, Jeff Rosen, Martha McConell, Steve Albritton, Mark Mullin, James McArdle and Diane Meiners; the same Investment

Committee; and the same Board of Directors who name and monitor the trustees. In other words, the fiduciaries of the Plans are very similar, if not identical. Plaintiff alleges that Defendants engaged in prohibited transactions under both Plans and breached their duties of prudence and loyalty to the Plans. *See id.* ¶¶ 92-101. Therefore, the legal issues Plaintiff raises regarding the Pension Plan are similar to the legal issues Plaintiff raises regarding the Profit Sharing Plan. "A similarity of legal or factual issues will weigh heavily against entry of judgment under Rule 54(b)." *Hayden*, 719 F.2d at 270. Therefore, this factor weighs heavily against certification.

The Eighth Circuit Court of Appeals also instructs that the court may consider "the possibility that the need for review might or might not be mooted by future developments in the district court." *Hayden*, 719 F.2d at 269. The parties fail to discuss this factor, so the court does not give it weight.

The third factor in *Hayden* is "the possibility that the reviewing court might be obliged to consider the same issue a second time." *Hayden*, 719 F.2d at 269. In considering this factor, the court finds that there is little possibility the Eighth Circuit Court of Appeals would have to consider the standing issue twice. If the court were to grant the Motion at this time and the Eighth Circuit Court of Appeals were to consider the standing issue, that decision would be final and the law of the case. Even if one of the parties were to eventually appeal an order on summary judgment or the jury verdict on the Profit Sharing Plan claims, for example, the court can imagine no scenario in which the Eighth Circuit Court of Appeals would have to revisit the standing issue a second time. Therefore, this factor weighs in favor of certification.

The fourth factor in *Hayden*, that is, "the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final." *Hayden*, 719 F.2d at 269. Here, there is no claim or counterclaim which could result in

13

a setoff against the judgment of the Pension Plan claims. Therefore, this factor is not relevant.

In *Hayden*, the Eighth Circuit Court of Appeals finally instructs that a court faced with a Rule 54(b) motion could examine "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Hayden*, 719 F.2d at 269. While examining these factors, the court notes that it seeks to promote judicial economy by preventing piecemeal litigation. *See generally Hefti v. Comm'r of Internal Revenue*, 899 F.2d 709, 711 (8th Cir. 1990) (noting that underlying its decision was a "concern for judicial economy by the avoidance of piecemeal litigation"). This case has been pending before the courts—this court and the District Court for the Central District of California—for over two years. *See* Complaint (docket no. 48-2) (indicating that the case was first filed on October 5, 2005, and it was transferred to this court on May 23, 2006). Trial is less than a year away. Since September 11, 2006, the court has reserved the two-week period beginning December 10, 2008, as the trial date for this case. *See* Trial Management Order (docket no. 65), at ¶ I. On January 2, 2008, the date Defendants filed their Resistance, they were "responding to Plaintiff's requests for production of documents" and stated that "fact depositions [were] scheduled to be completed by March 15, 2008." Resistance (docket no. 97), at 3. Discovery on the Profit Sharing Plan is scheduled to be completed in less than four months—on May 12, 2008. Scheduling Order and Discovery Plan (docket no. 81), at ¶ 5. The parties' summary judgment motions on the Profit Sharing Plan claims are due on June 25, 2008. *Id.* at ¶ 6. The court notes that Plaintiff waited nearly three months to file the instant Motion. *See* Summary Judgment Order (docket no. 82) (filed on September 28, 2007); Motion (docket no. 96) (filed on December 19, 2007); *see also* Memorandum Opinion (docket no. 90) (filed on October 30, 2007). Such a delay militates against certification because it shows a lack of urgency and undermines Plaintiff's argument that

there will be hardship or injustice if the appeal were postponed until the completion of trial later this year.

Defendants argue that granting certification would result in piecemeal appeals because there would be the possibility of three separate appeals. They argue:

> Certification here creates the potential for this case to reach the Eighth Circuit [Court of Appeals] on three occasions—on appeal of the [c]ourt's standing decision as to the Pension Plan, on a potential appeal of summary judgment or a trial judgment involving the Profit Sharing Plan, and should the Eighth Circuit [Court of Appeals] decide to revisit and overrule its prior decision in *Harley* . . . on a potential appeal from summary judgment or a trial judgment involving the Pension Plan.").

Resistance (docket no. 97), at 4. The court shares Defendants' concern over the danger of piecemeal appeals. It is not judicially economical, especially given the legal and factual similarities between the adjudicated and unadjudicated claims, to certify the standing issue for appeal at this time.

## V. DISPOSITION

The court finds that Plaintiff has violated the Local Rules and failed to show that he will suffer hardship or injustice if his appeal is delayed. Further, after considering all of the factors set forth by the Eighth Circuit Court of Appeals in *Hayden*, the equities of the situation and judicial administrative interests, the court finds that this is not a "special" case requiring immediate appeal. *Interstate Power Co.*, 992 F.2d at 806-07. The court finds nothing in the instant case that warrants Rule 54(b) certification of the Summary Judgment Order and Memorandum Opinion for immediate appeal. Postponing the appeal of the Pension Plan claims until the remaining Profit Sharing Plan claims have been adjudicated presents no danger of prejudice, hardship or injustice to any party. The court finds that judicial economy will best be served by delaying appeal until all of the claims in the Second Amended Complaint can be taken to the Eighth Circuit Court of Appeals in

a "unified package." *See Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (cited with approval in *Hayden*, 719 F.2d at 270).

For the foregoing reasons, it is hereby **ORDERED**:

(1) Plaintiff's Motion (docket no. 96) is **DENIED**; and

(2) This case will proceed to trial as scheduled on the remaining Profit Sharing Plan claims.

**IT IS SO ORDERED.**

**DATED** this 29th day of January, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA